***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger, and the briefs and oral arguments on appeal. Each party has shown good ground, in part, to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission modifies in part, and affirms in part the prior Opinion and Award, and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, and at the hearing before the Deputy Commissioner on 25 January 2001 as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Plaintiff-employee is Raymond Doisey, and defendant-employer is Roanoke Lumber, Inc.
3. The carrier on the claim is the North Carolina Forestry Association.
4. Defendant-employer regularly employs three or more employees, and is subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. Plaintiff was employed by defendant-employer as a mill manager on 21 August 1999.
6. On 21 August 1999, plaintiff's average weekly wage was $1089.00 per week at the time of the injury, which yields the maximum compensation rate for 1999.
7. Plaintiff allegedly suffered an L-4, L-5 herniated disc. A lumbar laminectomy was performed on 1 May 2000.
8. An indexed set of records marked as stipulated exhibit 1 was received into evidence.
9. Subsequent to the hearing before the Deputy Commissioner, the parties submitted a set of medical records from Cherry Hill Hospital. These records were marked as stipulated exhibit 2 and received into evidence.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-nine (39) years of age, and had completed the tenth grade.
2. Prior to August 21, 1999, plaintiff had an extensive history of back problems. In 1990, he had a lumbar laminectomy fusion. In January 1998, plaintiff had a second lumbar laminectomy fusion with the removal of a disc at the L5-S1 level. During the year prior to 21 August 1999, plaintiff did not seek medical treatment for any back problems.
3. On 21 August 1999, plaintiff was performing his regular job duties as a mill manager and was attempting to install a metal detector. While attempting to lift a steel beam, plaintiff experienced the immediate onset of a sharp pain in his back.
4. On 3 September 1999, plaintiff was examined by Dr. Lucas Martinez, an orthopedic surgeon. Plaintiff reported to Dr. Martinez that that he was experiencing pain in his lower back, which was radiating into his right leg. Dr. Martinez diagnosed plaintiff as having a herniated disc, with a free fragment, for which he prescribed a cortisone pack and recommended an MRI.
5. On 14 September 1999, plaintiff was involved in a motor vehicle accident while under the influence of alcohol and cocaine. Because of this accident, plaintiff was unable to undergo the MRI, but the accident did not aggravate his back condition. Thereafter, due to statements regarding taking his own life, plaintiff was involuntarily committed. Following his discharge on 23 September 1999, plaintiff testified that he had ceased use of alcohol and illegal drugs.
6. Plaintiff's back pain began to subside following the vehicular accident. Plaintiff did not complain of any back pain to his fiancée for the time period following the 14 September 1999 vehicular accident until 4 January 2000.
7. Plaintiff was terminated by defendant-employer for his failure to report to work following the 14 September 1999 vehicular accident.
8. Following his termination by defendant-employer, plaintiff obtained employment with Scotland Lumber Company on 1 October 1999. Plaintiff was able to continue working in this capacity through 4 January 2000. As part of his duties for Scotland Lumber Company, plaintiff did perform heavy lifting. During this period, plaintiff did not seek additional medical treatment for his back, although he testified to experiencing ongoing back pain throughout.
9. On 4 January 2000, plaintiff experienced a sharp pain in his back while at work for Scotland Lumber Company. On that date, plaintiff sought medical treatment for his lower back pain from Dr. Richard Frazier. Plaintiff reported to Dr. Frazier that he believed that he had injured himself because of the heavy lifting required by his job duties with Scotland Lumber Company. However, plaintiff did not report any specific incident to Dr. Frazier that aggravated his back condition while employed with Scotland Lumber Company. The credible evidence of record supports a finding that the heavy lifting plaintiff performed over the course of four months aggravated his disc herniation caused by the 21 August 1999 lifting incident.
10. On 21 August 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident of the work assigned.
11. As a result of his 21 August 1999 an injury by accident arising in the form of a specific traumatic incident, plaintiff sustained a disc herniation at the L4-5 level that was surgically treated by Dr. Martinez. This procedure was performed on 1 May 2000, and was reasonably necessary to effect a cure, give relief and lessen the period of plaintiff's disability.
12. As a result of his 21 August 1999 an injury by accident arising in the form of a specific traumatic incident, plaintiff was unable to earn any wages in any employment for the period of beginning 5 January 2000 to 13 June 2000.
13. Plaintiff was unable to return to work on 13 June 2000 because of a fracture he had sustained to his left foot. There is a lack of credible evidence to support a finding that plaintiff's left foot fracture was a direct and natural result of the 21 August 1999 lifting incident. Accordingly, any inability by plaintiff to earn wages after 13 June 2000 was not related to his 21 August 1999 injury by accident arising in the form of a specific traumatic incident.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 21 August 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident of the work assigned. N.C. GEN. STAT. § 97-2(6). As a result of his 21 August 1999 injury by accident arising in the form of a specific traumatic incident, plaintiff sustained a disc herniation at the L4-5 level that was surgically treated by Dr. Martinez. Id.
2. As a result of his 21 August 1999 injury by accident arising in the form of a specific traumatic incident, plaintiff is entitled to receive temporary total disability compensation at the rate of $560.00 per week for the period of 5 January 2000 to 13 June 2000. N.C. GEN. STAT. §97-29.
3. As a result of his 21 August 1999 injury by accident arising in the form of a specific traumatic incident, plaintiff is entitled to have the defendants provide all medical treatment arising from this injury to the extent it tended to effect a cure, give relief or lessen plaintiff's disability. N.C. GEN. STAT. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies in part, and affirms in part the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $560.00 per week for the period of 5 January 2000 to 13 June 2000. Having accrued, this amount shall be paid in a lump sum to plaintiff subject to the attorney's fee below.
2. Defendants shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his 21 August 1999 injury by accident arising in the form of a specific traumatic incident.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. From the compensation having accrued, this fee shall be deducted from the amount due plaintiff and paid directly to counsel for plaintiff.
4. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER